## COMMONWEALTH *vs.* JEREMIAH BUCK.

Upon the trial of an indictment on the Rev. Sts. *c.* 47, § 3, for presuming to be a retailer or seller of spiritous liquor in a less quantity than twenty eight gallons, and that delivered and carried away all at one time, and which charges the defendant with selling, to a person named, one gallon, one quart, or any other specific quantity of such liquor, it is not necessary, in order to convict the defendant, that it should be proved that he sold the specific quantity mentioned in the indictment: It is sufficient, if it be proved that the defendant made the sale mentioned in the indictment, and that the quantity, so sold, was less than twenty eight gallons.

THIS was an indictment on the Rev. Sts. *c.* 47, § 3, which is in these words: "No person shall presume to be a retailer or seller of wine, brandy, rum, or other spiritous liquors, in a less quantity than twenty eight gallons, and that delivered and carried away all at one time, unless he is first licensed as á retailer of wine and spirits, as is provided in this chapter, on pain of forfeiting twenty dollars for each offence." There were several counts in the indictment; and in one of them, the defendant was charged with selling " one gallon of spiritous liquor ;" in three others, he was charged with selling " one quart of spiritous liquor ;" and in another, he was charged with selling " one pint of spiritous liquor."

The form of the several counts was the same, except as to the time of sale, and the quantity of liquor sold; and was thus: That the defendant, " at Stockbridge in the county of Berkshire, on the first day of June in the year of our Lord one thousand eight hundred and forty five, did presume to be a retailer of wine, brandy, rum, and other spiritous liquors, in a less quantity than twenty eight gallons, and that delivered and carried away all at one time, without being first licensed as a retailer of wine and spirits according to law, and did then and there sell to one Elisha M. Barnes one quart of spiritous liquor, in a less quantity than twenty eight gallons, and that delivered and carried away all at one time, without being first duly licensed as aforesaid, against the peace," &c. " and contrary to the form of the statute in such case made and provided."

The trial was in the court of common pleas, before

*Merrick*, J. who signed the following bill of exceptions: " There was no proof of a sale of the specific quantity charged in the several counts. The defendant contended that the contract should be proved as laid ; being a substantive portion of the offence charged. But the judge instructed the jury, that if the evidence satisfied them that the said several sales, mentioned in said several counts, were made by the defendant, as alleged therein, it would be sufficient to support them, although the quantities thus proved to have been sold by the defendant did not correspond with the quantities alleged in said counts ; provided that the several quantities, thus proved to have been sold by the defendant, were, in fact, less than twenty eight gallons. The jury found the defendant guilty, and he, being aggrieved, excepts to the said instruction ; and his exceptions are allowed."

The defendant also moved in arrest of judgment, "because no offence is fully and plainly, substantially and formally, described." This motion was overruled by the judge ; and to this overruling the defendant alleged exceptions.

*Bishop*, for the defendant.

*Porter*, (District Attorney,) for the Commonwealth.

DEWEY, J. It is contended that no offence is set forth in this indictment, and that the ruling of the court was wrong as to the competency of the evidence to sustain the counts.

1. Upon the first point, the error of the defendant is, in supposing that a technical contract between a vendor and vendee is required to be set out. In a civil action upon such contract, it would be required that a legal consideration be set forth in the declaration. But it is otherwise in an allegation of a sale charged as a criminal offence under the Rev. Sts. *c.* 47. It is sufficient, in the latter case, to allege an actual sale, and to show the terms and nature of the contract upon the trial.

2. The remaining question is as to the sufficiency of the evidence to support the various counts. The indictment alleges a sale of a specific quantity of liquor. Is that allegation sustained by proof of a sale of a quantity not corresponding

precisely with the quantity charged, but less than twenty eight gallons ? The argument of the defendant's counsel was placed principally upon the ground, that every party charged with an offence, and presented by the grand jury, has a right to insist that his offence be plainly and fully set forth, that he may well know the precise offence charged upon him, and thus be enabled to prepare for his trial; and also for the further reason, that he may thus be enabled to rely upon the judgment in the case, as a bar to any future prosecution for the same act.

A long and well established course of practice, sanctioned by judicial decisions, and authorized, to some extent, by express legislative enactments, fully authorizes the conviction of a party upon proof of a part of the offence charged in the indictment, if any crime shall appear to be substantially charged in that part of the indictment of which the party is convicted, although he may be acquitted of a part of the offence set forth in the indictment. It is no variance, which is the foundation of any legal objection, that the evidence fails to prove the entire charge. In cases of larceny, convictions are frequent where the jury find the larceny proved only as to a part of the articles enumerated. Many other cases might be referred to, illustrating the same principle.

If the sale proved was of a greater quantity than that stated in the indictment, but within the statute provision, the case is still stronger, as the greater quantity would include the less; and the sale of the whole, being but one act, a conviction upon an indictment, describing the quantity sold as less than that which was actually sold, would nevertheless be a bar to any future prosecution for the entire act.

*Exceptions overruled*